UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ANTHONY CAPUANO,

                        Plaintiff,                       **MEMORANDUM AND ORDER**

      v.                                              24-CV-8932-SJB-ST

LEE G. DUNST, et al.,

                        Defendants.
---------------------------------------------------------------------X
ANTHONY CAPUANO,

                        Plaintiff,

      v.                                              25-CV-2072-SJB-ST

ANNE M. DONNELLY, et al.,

                        Defendants.
---------------------------------------------------------------------X

**BULSARA, United States District Judge:**

      Pro se Plaintiff Anthony Capuano ("Capuano"), currently incarcerated at the Five Points Correctional Facility, is a serial litigator in this District.[1] Given Capuano's vexatious litigation history, he is currently subject to a filing injunction under which he

---

[1] *See Capuano v. Ambro*, No. 24-CV-1610; *Capuano v. Braslow*, No. 24-CV-5486; *Capuano v. Fuchs*, No. 24-CV-5487; *Capuano v. Scheller*, No. 24-CV-7995; *Capuano v. Dunst*, No. 24-CV-8932 ("*Capuano I*"); *Capuano v. N.Y.S.S.C.R.S.C.*, No. 25-CV-0478; *Capuano v. John Doe*, No. 25-CV-0492; *Capuano v. 6th Precinct of Suffolk Cnty.*, 25-CV-0957; *Capuano v. N.Y.S.S.C.R.S.C.*, No. 25-CV-2060; *Capuano v. Tierney*, 25-CV-2065; *Capuano v. Donnelly*, 25-CV-2072 ("*Capuano II*"); *Capuano v. 7th Precinct Suffolk Cnty.*, 25-CV-2093; *Capuano v. Ambro*, 25-CV-2380.

is enjoined "from filing any further IFP actions in the Eastern District of New York without first obtaining leave of the Court." (*See Capuano v. 6th Precinct of Suffolk Cnty.*, No. 25-CV-0957, Order dated May 7, 2025, Dkt. No. 12 at 2). The cases captioned above were filed prior to and thus are not subject to the filing injunction. The Court reviews them according to the standard process for *in forma pauperis* ("IFP") litigation. Capuano's applications to proceed IFP in these two cases are granted. However, for the reasons discussed below, the cases are dismissed without leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

I.      *Capuano v. Dunst*, No. 24-CV-8932 ("*Capuano I*")

Capuano alleges several constitutional violations against United States Magistrate Judge Lee G. Dunst ("Judge Dunst"), United States District Judge Anne M. Donnelly ("Judge Donnelly"), the Chief Clerk of Court of the United States District Court for Eastern District of New York Brenna B. Mahoney ("the Clerk of Court"), and New York State Assistant Attorney General Arlene Roces ("Roces") in their official capacity. (*Capuano I*, Compl. dated Dec. 23, 2024, Dkt. No. 1 at 2–3). With those allegations, Capuano filed a motion to proceed IFP. (*Capuano I*, IFP Mot. dated Jan. 15, 2025, Dkt. No. 7 at 2). On February 14, 2025, Capuano filed an Amended Complaint naming the same defendants but omitted the Clerk of Court. (*Capuano I*, Am. Compl. dated Feb. 2, 2025 ("*Capuano I* Am. Compl."), Dkt. No. 9 at 2–3). Capuano then filed a series of other documents generally alleging or pertaining to the same issues as in the complaint, asking for his case to be heard by a particular magistrate judge, or making

2

requests for state grand jury proceedings pursuant to the New York State Freedom of Information Law ("FOIL").  (*E.g., Capuano I*, Letter dated Feb. 28, 2025, Dkt. No. 16 at 1; *Capuano I*, Letter dated Mar. 3, 2025, Dkt. No. 18 at 1).  Capuano had also filed a separate letter, labeled as a "motion" and "request for habeas corpus," (*Capuano I*, Notice of Mot. to Compel dated Jan. 31, 2025, Dkt. No. 10), but in substance seeking to overturn decisions by magistrate judges in his other cases—a meritless application that the Court has already denied.  (*Capuano I*, Order dated Aug. 22, 2025).

II.     *Capuano v. Donnelly*, No. 25-CV-2072 ("*Capuano II*")

On April 11, 2025, Capuano filed a similar pro se Complaint also alleging a deprivation of his constitutional rights against Judge Dunst, Judge Donnelly, the Clerk of Court, and Roces.  (*Capuano II*, Compl. dated Apr. 4, 2025 ("*Capuano II* Compl."), Dkt. No. 1 at 2–3).  Given the similarity of the allegations in both the Amended Complaint in *Capuano I* and the Complaint in *Capuano II*, the Court addresses them together below.

Capuano has indicated that his claims are brought against federal officials pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[2] (*Capuano I* Am. Compl. at 3; *Capuano II* Compl. at 3).  That being said, Capuano's claims are otherwise difficult to decipher; it appears that he seeks to challenge Court procedures and rulings made on a habeas corpus petition he filed in another one of his cases in this District.  (*See Capuano v. Ambro*, No. 24-CV-1610).

---

[2] Despite only citing *Bivens*, the Court liberally construes Capuano's claim against Roces, a state official, as brought pursuant to Section 1983.

3

For example, the Amended Complaint in *Capuano I* details issues with the criminal proceedings that led to Capuano's 2017 state court criminal conviction, including allegations that his defense counsel also represented his codefendant in a state criminal proceeding, that court reporters falsified transcripts, and that his sentence was "illegal." (*Capuano I* Am. Compl. at 6–9). Capuano also claims that Judge Donnelly improperly denied his motions for acquittal and reassigned docket numbers in his habeas proceeding. (*Id.* at 9–10). He seeks to recover damages of $ 10 million. (*Id.* at 5).

The *Capuano II* Complaint appears largely repetitive of the allegations set forth in the Amended Complaint in *Capuano I*. Capuano claims that his due process rights were violated, legal documents and dockets were falsified, and there were conflicts of interest in his prior state court criminal proceedings. (*Capuano II* Compl. at 3, 6–9). Capuano writes that he attempted suicide twice and he seeks to recover damages of $ 20 million. (*Id.* at 5).

## DISCUSSION

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain more than "naked assertion[s] devoid of further factual enhancement." *Id.* (quotations omitted). In other words, a plausible claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right

4

to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).  The determination of whether a party has alleged a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Escamilla v. Young Shing Trading Co.*, No. 17-CV-652, 2018 WL 1521858, at *2 (E.D.N.Y. Jan. 8, 2018), *report and recommendation adopted*, 2018 WL 1033249, at *3 (Feb. 23, 2018).

  A pro se plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), courts "remain obligated to construe a *pro se* complaint liberally").  Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and quotations omitted).

I.   Claims Against Judges

Capuano's claims against Judge Donnelly and Judge Dunst for money damages must be dismissed because they are both entitled to absolute judicial immunity. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Actions "arising out of, or related to, individual cases before the judge are considered judicial in nature." *Id.* at 210. "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990) (quotations omitted).

Here, it appears that Capuano seeks money damages for actions taken by Judge Donnelly and Judge Dunst as the judges assigned to his petition seeking a writ of habeas corpus. There is no basis to conclude that Judge Donnelly and Judge Dunst were acting in the clear absence of jurisdiction when they took the actions complained of by Capuano, and they are, therefore, immune from suit for any claim for damages. As such, any claim against them is frivolous. *E.g.*, *Johnson v. Wolfe*, No. 19-CV-7337, 2019 WL 5784704, at *3 (S.D.N.Y. Nov. 5, 2019) (dismissing *Bivens* claims against United States district judges arising out of their actions while presiding over plaintiff's cases as barred by judicial immunity and as frivolous under the IFP statute); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S.

319, 327 (1989))). Accordingly, these claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

II.     Clerk of Court

Similarly, Capuano's claims for damages against the Clerk of Court must be dismissed. "Absolute judicial immunity also extends to those who, at the direction of a judicial officer, perform administrative functions closely associated with the judicial process." *Dieujuste v. Sin*, 125 F.4th 397, 399 (2d Cir. 2025). Such persons include a clerk of court. *See id.*; *e.g.*, *Irazu v. Sainz De Aja*, No. 23-0702, 2023 WL 8447256, at *2 (2d Cir. Dec. 6, 2023) ("We have previously extended absolute immunity to court clerks who were . . . alleged to have violated a plaintiff's due process rights based on impermissible handling of a case docket."); *Johnson*, 2019 WL 5784704, at *3 (dismissing claims against Clerk of Court and a case manager for the Second Circuit as barred by judicial immunity). Accordingly, Capuano's claims against the Clerk of Court are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

III.    Claim Against Roces

It is unclear exactly what Capuano alleges against Roces, beyond the conclusory statements that Roces "joined the R.I.C.O. enterprise" on several of his pending cases in this District, (*Capuano II* Compl. at 9), and that Roces violated Capuano's Sixth and Fourteenth Amendment rights to effective assistance of counsel and due process,[3]

---

[3] Roces represents the Respondent—New York State Attorney General's Office—in Capuano's habeas proceeding. (*See Capuano v. Ambro*, No. 24-CV-1610). Roces could not have appeared on Capuano's behalf and thus could not possibly have provided ineffective assistance of counsel.

7

seemingly in the course of his habeas petition (*Capuano I* Am. Compl. at 3). But beyond these few passing references to Roces, Capuano alleges no facts that could support a claim against Roces. Thus, even liberally construed, Capuano's complaints against Roces must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

IV. Leave to Amend

"The Second Circuit has held that '[d]istrict courts should generally not dismiss a *pro se* complaint without permitting at least one opportunity to amend, but granting leave to amend is not necessary when it would be futile.'" *Gross v. Intratek Comput. Inc.*, No. 22-CV-7440, 2023 WL 144129, at *3 (E.D.N.Y. Jan. 10, 2023) (quoting *Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017)). Here, Capuano has already filed an amended complaint in *Capuano I*, and the complaint in *Capuano II* is largely duplicative. Further, given the application of judicial and sovereign immunity to many of Capuano's claims, and the absence of any allegations for the remaining claims, any amendment would ultimately prove futile. *See, e.g., Brady v. Ostrager*, 834 F. App'x 616, 619 (2d Cir. 2020) (finding the district court did not err when it "correctly held that amendment would be futile" against a defendant protected by judicial immunity). He is also subject to a filing injunction that would bar additional complaints in this or any separate action. Accordingly, leave to amend Capuano's claims in these two cases is denied.

CONCLUSION

The *Capuano I* Amended Complaint and the *Capuano II* Complaint, filed *in forma pauperis*, are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), without leave to amend. The Clerk of the Court shall enter judgment accordingly and mark these cases

closed. Further, the Clerk of the Court shall mail a copy of this Memorandum and Order to Capuano at his address of record in an envelope marked "Legal Mail" and shall note such mailing on the dockets.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:   September 16, 2025
        Central Islip, New York